UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID WILLIAMS**<br><br>      **Plaintiff.**<br><br>**VERSUS**<br><br>**SAFECO INSURANCE COMPANY OF AMERICA**<br>      **Defendant.** | **CIVIL ACTION NO.** _____<br><br>**JUDGE** _____<br><br>**MAGISTRATE JUDGE** _____ |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, David Williams, who respectfully submits this Complaint for Damages against Defendant, Safeco Insurance Company of America, and further respectfully avers as follows:

**PARTIES**

**1.**

Plaintiff, David Williams, is domiciled in Baton Rouge, Louisiana.

**2.**

Made Defendant herein is Safeco Insurance Company of America ("Defendant"), a foreign insurance corporation organized and existing under the laws of New Hampshire, with its principal place of business in the State of New Hampshire, authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, **Louisiana Secretary of State 8585 Archives Avenue Baton Rouge, LA 70809.**

## VENUE AND JURISDICTION

**3.**

This Court has subject matter jurisdiction under 28 U.S.C.A. § 1332(a), because the matter in controversy exceeds $75,000.00, and because Plaintiff and Defendant are citizens of different states. The unpaid losses due under Defendant's insurance policy issued to Plaintiff exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses in addition to those unpaid losses pursuant to La. Rev. Stat. Ann. § 22:1892 and La. Rev. Stat. Ann. § 22:1973.

**4.**

Venue is proper in this District and Division under 28 U.S.C.A. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District and Division.

## FACTUAL BACKGROUND

**5.**

At all times relevant hereto, Plaintiff owned the property located at 8221 N Parkland Dr. Baton Rouge, LA 70806 (hereinafter referred to as the "Residence").

**6.**

At all times relevant hereto, Defendant provided Plaintiff a policy of insurance, bearing policy number OF2920474 (hereafter the "Policy") which covered the Residence against loss and damage caused by, among other perils, wind, hail, and water. The policy was in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.

**7.**

On the morning of August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a Category four hurricane with maximum sustained winds of 145 miles per hour.

**8.**

After making landfall, Hurricane Ida traveled northwest towards Houma, Louisiana, and then north where it slowly weakened for the remainder of the afternoon and evening, by the time the eye crossed I-10 near Reserve & LaPlace, Louisiana, it was a category three hurricane with maximum sustained winds of 115 mph.

**9.**

The damage from wind and storm surge was catastrophic over Southeast Louisiana, especially over Terrebonne and Lafourche Parishes. Major wind impacts occurred over the remainder of Southeast Louisiana into Southern Mississippi.

**10.**

Hurricane Ida caused substantial amounts of damage to the exterior, interior, and roof of the Residence, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the dwelling, as well as to the other structures on the property.

**11.**

In compliance with the Policy, Plaintiff provided timely notice of the loss event to Defendant and took reasonable steps to mitigate the damage caused by the loss event as soon as reasonably possible.

**12.**

Upon notification of the loss event, Defendant performed an initial inspection of the loss and damage to the Residence. Thereafter, Defendant, together with its loss consultants, inspected the Residence on several occasions and provided one or more loss estimates on the claim.

**13.**

Plaintiff, in compliance with the terms of the policy, cooperated with Defendant and its consultants and made the Residence available for inspection. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Residence.

**14.**

The payments made to date to the Plaintiff for damages caused by Hurricane Ida are woefully inadequate to cover the costs to repair the Residence and other structures despite the fact that the damages were clearly visible to the adjuster retained and/or employed by Defendant at the time of the adjuster's inspection.

**15.**

As a result of Defendant's delays and failure to pay the amounts due under the policy, Plaintiff has had to retain the undersigned counsel to bring the claims to a conclusion and final resolution.

**16.**

Defendant failed to pay the amount due to Plaintiff in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss.

**17.**

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Residence because of Hurricane Ida. Defendant failed to pay Plaintiff the actual amount of the loss due under the Policy despite having satisfactory proof of loss for more than sixty (60) days.

**18.**

Defendant breached its affirmative duties under LSA-R.S. § 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**19.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Plaintiff has continued to work with Defendant and its consultants to ensure compliance with Plaintiff's duties under the policy.

**20.**

Defendant's failure to timely pay benefits owed under the Policy has placed the Residence at risk.

**21.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policy and has wrongfully or unfairly limited payment on Plaintiff's claims.

**22.**

Additionally, because Defendant provided insufficient funds to complete repairs, the Plaintiff has endured significant mental anguish, aggravation, and inconvenience.

**23.**

Because of Defendant's failure to timely compensate Plaintiff for losses that are clearly covered and owed under the Policy, Plaintiff has and will continue to sustain and/or incur additional expenses, including increased costs of construction.

**24.**

But for Defendant's wrongful conduct, Plaintiff could have completed repairs and resumed living in the Residence well prior to the date that the repairs are ultimately completed.

**25.**

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Plaintiff's claims.

**26.**

Defendant's acts and omissions in failing to pay Plaintiff the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without, probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**27.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricane Ida, Plaintiff has and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

## CAUSES OF ACTION

### A. Breach of Insurance Contract

**28.**

Plaintiff re-alleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

**29.**

The Policy is an insurance contract between Plaintiff and Defendant that provides coverage for the losses resulting from Hurricane Ida.

**30.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed to Plaintiff under the policy.

**31.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

    (i)    purposely and/or negligently failing to timely tender undisputed insurance proceeds;

    (ii)    conducting the investigation and claims handling in bad faith; and

    (iii)    failing to adequately compensate Plaintiff for the damages to the Insured Property, as required by the policy.

**32.**

Plaintiff has suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

### B. Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973.

**33.**

Plaintiff re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**34.**

Under LSA-R.S. 22:1892(A)(1) & (A)(4), Defendant is obligated to make a written offer to settle any property damage claim and pay the amount of any claim due to its insured within thirty (30) days after receipt of satisfactory proof of loss. Under Louisiana law, Defendant is deemed to have received satisfactory proof of loss as of the date of its initial inspection of the damage to the Insured. The statutory timelines that insurers, such as Defendant, must comply with regarding payment of claims commences from the date of the initial inspection, not from the date that it receives any final report from its insurer.

**35.**

Defendant's failure to pay the loss amount due under the Policy within thirty (30) days of receiving satisfactory proof of loss was in violation of La. Stat. Ann. §22:1892(A)(1), which subjects Defendant to the penalty imposed under §22:1892, the amount of which is fifty percent (50%) of the loss amount found to be due from the insurer to the insured or $1,000, whichever is greater.

**36.**

Under LSA-R.S. § 22:1973, Defendant has an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after receiving satisfactory proof of loss when such failure is arbitrary, capricious, or without probable cause, is a

breach of the insurer's affirmative duties under LSA-R.S. 22:1973. In addition to the general or specific damages to which the insured is entitled to as a result of Defendant's breach, Defendant's failure to comply with the 60-day timeline subjects Defendant to a penalty equal to two (2) times the damages sustained or $5,000, whichever is greater. LSA-R.S. 22:1973(C).

**37.**

Defendant received satisfactory proof of the loss and had knowledge of the insurance benefits due to the Plaintiff after its initial inspection of the damage to the Residence. However, Defendant failed to pay Plaintiff even the undisputed amounts owed under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss. Defendant's failure to make such payments within thirty (30) or sixty (60) days of receiving satisfactory proof of loss was arbitrary, capricious, and without probable cause.

**38.**

Defendant is therefore in breach of its affirmative duties and obligations imposed under both LSA-R.S. 22:1892 and §22:1973. Because of Defendant's breach of its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims, Defendant is liable to Plaintiff for all additional damages resulting from Defendant's breach, and a penalty equal to two times the amount of actual damages sustained, or $5,000, whichever is greater, plus attorneys fees, and costs, pursuant to LSA-R.S. 22:1973.

**39.**

As a result of Defendant's failures to pay the loss amounts due under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss caused by Hurricane Ida and its ongoing breaches of its affirmative duties of good faith and fair dealing, Plaintiff entitled

to all additional damages and penalties recoverable under both LSA-R.S. 22:1892 and §22:1973 in an amount to be determined at trial.

## **DAMAGES**

**40.**

Plaintiff re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**41.**

As a result of the actions of the Defendant, Plaintiff suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

    a. Damage to the building and other structures located at the Residence;

    b. Mitigation, remediation and repair costs;

    c. Diminution in value;

    d. Lost and/or damaged personal property;

    e. Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

    f. Additional living expenses;

    g. Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

    h. Mental anguish and other consequential damages caused by Defendant's breaches;

    i. Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

j. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## JURY DEMAND

**42.**

Plaintiff demands a trial jury for all of claims.

**WHEREFORE,** Plaintiff, David Williams, respectfully prays that, Defendant, Safeco Insurance Company of America, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings are had, there be a judgment entered in favor of Plaintiff, David Williams, and against Defendant, Safeco Insurance Company of America, in an amount that will fully and fairly compensate Plaintiff for all loss and damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, for all attorney's fees, and for all other and further general and equitable relief that this Honorable Court finds reasonable in the premises.

**Dated: August 28, 2023.**

**Respectfully submitted,**

**PANDIT LAW FIRM, LLC**

**BY:  */s/ Keith Frey*** 
**KEITH M. FREY, Bar No. 22375**
**RAJAN PANDIT**, **Bar No. 32215**
**701 Poydras Street, Suite 3950**
**New Orleans, LA 70139**
**Telephone:  (504) 313-3800**
**Facsimile:    (504) 313-3820**
**Email:  kfrey@panditlaw.com**
**raj@panditlaw.com**

and

11

ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, LLC

MATTHEW M. MIZE, Bar No. 33993
1777 Ryan Street (70601)
Lake Charles, LA 70602
Telephone:   (337) 433-0234
Facsimile:    (337) 433-8595
Email:          mmm@rmwlegal.com

*Counsel for Plaintiff, David Williams*

**PLEASE SERVE:**

**Safeco Insurance Company of America**
*Through its registered agent for Service of Process*:
**Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809**